[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
Defendant-appellant Troy Busch appeals from the judgments of the Hamilton County Municipal Court in which he was convicted of disorderly conduct in violation of R.C. 2917.11(A)(5) and resisting arrest in violation of R.C. 2921.33. Busch advances two assignments of error in support of this timely appeal. Finding neither assignment to have merit, we affirm the judgments of the court below.
Busch was a passenger in a car pulled over by the police at approximately 2:00 a.m. in response to a report of an assault. There were several other passengers in the car. When the police stopped the vehicle, Busch attempted to get out of the car, and the officers ordered Busch to get back into the car. Busch sat back down on the passenger seat, but did not close the door all the way. He attempted to leave the vehicle again and was again ordered by the officers to get back into the car. When he attempted to get out a third time during the stop, he was arrested for disorderly conduct.
The officers testified that Busch's actions caused them alarm and put Busch and the officers in physical danger because he was stepping from the car into a lane of travel at nighttime. Busch does not challenge the determination that his conduct caused alarm and created a risk of physical harm to himself and the officers. He claims instead that insufficient evidence was presented to prove that he acted recklessly, and that the determination that his conduct served no lawful or reasonable purpose was contrary to the manifest weight of the evidence.
To prove disorderly conduct in violation of R.C. 2917.11(A)(5), the state was required to show that Busch recklessly caused inconvenience, annoyance, or alarm to another by creating a condition that was physically offensive to persons or that presented a risk of physical harm to persons or property by an act that served no lawful and reasonable purpose. A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. R.C. 2901.22(C).
We are persuaded that a rational trier of fact could have found that the evidence proved beyond a reasonable doubt that Busch's conduct was reckless.[1] He had been warned at least twice by the officers to remain in the car. His conduct occurred at night while the car in which he had been riding had been pulled over to the side of the road by the police, and he was aware that the officers were approaching the car. The evidence is sufficient to establish that Busch acted with heedless indifference to the consequences of his actions and perversely disregarded a known risk to himself and the officers.
Busch also claims that the determination that his conduct was unreasonable or unlawful was contrary to the manifest weight of the evidence. After reviewing the entire record, weighing the evidence and all reasonable inferences, and considering the credibility of the witnesses, we conclude that, in resolving conflicts in the evidence, the trier of fact did not clearly lose its way and create a manifest miscarriage of justice.[2]
Busch was a passenger in a car that was the subject of an investigatory stop by the police. He had already been ordered by the officers to remain inside the car. He had no reasonable or lawful basis for disregarding the officers' orders and stepping out of the car into a lane of traffic.
Busch's arrest for disorderly conduct was a valid and lawful arrest. Busch could therefore be charged with resisting arrest. Busch has not otherwise challenged his conviction for resisting arrest.
Therefore, the judgments of the trial court is affirmed.
 __________________ HILDEBRANDT, P.J.
Gorman and Sundermann, JJ.
[1] See State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, paragraph two of the syllabus; State v. Thompkins (1997),78 Ohio St.3d 380, 386, 678 N.E.2d 541, 546.
[2] See State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717, 720; Thompkins, supra, at 386, 678 N.E.2d at 546.